IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| KIMORA WASHINGTON, as Administrator of the Estate of KEVIN FORD, <br><br> Plaintiff, <br><br> v. <br><br> GWR MANAGEMENT, LLC and GWR FLAT ROCK PARTNERS, LLC <br><br> Defendants. | CIVIL ACTION FILE NO. 4:24-cv-00081-CDL <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO THE MOTION TO QUASH OF NON-PARTIES CENTURY FIRE PROTECTION, LLC, SEA, LTD. AND CUNNINGHAM INVESTIGATIVE ASSOCIATES**

COMES NOW, Plaintiff KIMORA WASHINGTON, as Administrator of the Estate of Kevin Ford, by and through undersigned counsel, and files this Response in Opposition to the Motion to Quash of Non-Parties Century Fire Protection, LLC, SEA, Ltd., and Cunningham Investigative Associates [Doc. 27], showing this Honorable Court as follows:

## I. PERTINENT FACTUAL BACKGROUND

As the Court is aware, this case arises out of a fire that occurred on October 12, 2022 (hereinafter, the "Fire") at 6254 Warm Springs Rd. Columbus, GA 31909 (the "Property"). *See generally*, Plaintiff's First Amended Complaint [Doc. 20]. As part of the investigation into the Fire, a scene exam was conducted on March 23, 2023 that was attended by the representatives of several entities. *See* March 23, 2023 Joint Scene Exam Sign-in Sheet, attached hereto as **Exhibit A**.

Relevant to the instant motion, Jeff Mitchell and Ronald Shirah of Century Fire Protection, LLC, Adam Goodman of Sea, Ltd., and Blair Darst of Cunningham Investigative Services attended the March 23, 2023 inspection. Id. at p. 2-4. Mr. Goodman and Mr. Darst appear to have attended the inspection as experts on behalf of Century Fire Protection, LLC (hereinafter, "Century Fire"). Upon information and belief, Century Fire installed the automatic sprinkler system at the Property. *See* Photograph of Installation Placard, attached hereto as **Exhibit B**. Century Fire is not a party to this litigation, and does not contend that it is engaged in any litigation related to this incident.

In light of their attendance at the March 23, 2023 joint scene exam, and Century Fire's likely involvement in the installation of the automatic sprinkler system at the Property, Plaintiff served Subpoenas for the Production of Documents on Century Fire, Sea, Ltd. and Cunningham Investigative Services (collectively, the "Non-Parties"). *See* Non-Party Subpoenas, attached hereto as **Exhibit C**. In regard to the subpoena to Century Fire, Plaintiff seeks production of its non-privileged documents related to work or services performed at the Property, as well as its non-privileged documents related to work performed at, or inspections of, the Property following the Fire. For the subpoenas to Sea, Ltd. and Cunningham Investigative Services, Plaintiff seeks production of all non-privileged documents in the custody, control, or possession of these entities that relate to the Fire.

The subpoenas commanded the production of documents on or before February 10, 2025. On the day that the documents were due to be produced, the Non-Parties jointly filed the instant motion to quash through counsel. Counsel for the Non-Parties did not confer with the undersigned prior to filing the Non-Parties' motion to quash. *See* Declaration of Attorney William M. Compton at ¶ 3.

## II.     ARGUMENT AND CITATION TO AUTHORITY

*A.     Counsel for the Non-Parties Failed to Comply with this Court's Local Rules Prior to Filing the Instant Motion to Quash.*

The Standards of Conduct in this Court's local rules require that prior to filing a motion a lawyer must engage opposing lawyers "in more than a mere pro forma discussion of [the motion's] purpose in an effort to resolve the issue." Local Rules at Standard of Conduct ¶ B.8.a. Counsel for the Non-Parties failed to engage the undersigned in any manner prior to filing the instant motion to quash. Moreover, counsel for the Non-Parties failed to engage the undersigned in a post-motion discussions to resolve the issue despite the undersigned's attempt to initiate those discussions. Compton Declaration at ¶ 4-5, and Exhibit 1 attached thereto.

In light of counsel for the Non-Parties failing to comply with this Court's local rules pertaining to the instant motion to quash, the motion is defective and must be **DENIED**.

*B.     The Non-Parties Motion is Not Supported by Evidence.*

The Non-Parties contend that Plaintiff's subpoenas seek documents prepared in anticipation of litigation and that are they are thus protected by the work-product privilege. ([Doc. 27] at p. 2. The Non-Parties submit no evidence in support of this contention. There is no affidavit from which a date of anticipated litigation, or the basis for anticipating litigation, can be identified. The fact that Century Fire is not a party to any litigation arising from this incident is at least some evidence that litigation was not anticipated against Century Fire when the subpoenaed documents were created. The burden is on Century Fire to submit evidence establishing the claimed privilege. *See e.g.*, Carnes v. Crete Carrier Corp., 244 F.R.D. 694, 697 (N.D. Ga. 2007).

Furthermore, Plaintiff's subpoenas explicitly request only non-privileged documents. Accordingly, the basis for the Non-Parties' motion to quash the subpoenas is wholly misplaced. To the extent that the Non-Parties contend that all responsive documents are privileged, then it is their obligation to expressly make that claim and prepare a privilege log which "describe[s] the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected" allows Plaintiff to assess that claim. FED. R. CIV. PRO. 45(e)(2). The Non-Parties failed to submit any pleading that complies with Fed. R. Civ. Pro. 45(e)(2) as part of their motion or in response to Plaintiff's subpoenas.

Given that they have not submitted any evidence, or other supporting materials, with their Motion to Quash, the Non-Parties cannot meet their burden of establishing the claimed work-product privilege. As such, the Court must **DENY** the Non-Parties motion.

C.  *Century Fire's Pre-Incident Documents Cannot Possibly have been Prepared in Anticipation of Litigation.*

As noted above, part of Plaintiff's subpoena to Century Fire seeks production of documents for work or services performed at the Property. This request encompasses work and services performed at the Property prior to the Fire. Under no circumstances could the documents in Century Fire's possession related to work they performed at the Property before the Fire have been generated in anticipation of litigation arising from the Fire. In the off chance that any responsive documents in Century Fire's possession were generated as part of litigation related to another matter, Century Fire needs to expressly make that claim, and the documents

should be produced pursuant to a confidentiality agreement. Otherwise, the pre-Fire documents in Century Fire's possession are not subject to any privilege and must be produced.[1]

For this reason also, the Court must **DENY** the Non-Parties motion as it relates to the Century Fire pre-Fire documents.

### III.    CONCLUSION

For the foregoing reasons, the Non-Parties Motion to Quash must be **DENIED**.

This 27th day of February, 2025.

**MORGAN & MORGAN**

*/s/ Max Compton*
_____
William Maxwell Compton
Georgia Bar No. 380092
Counsel for *Plaintiff*

501 Riverside Dr.
Suite 1200
Jacksonville, FL 32202
(912) 443-1017 - Direct
MCompton@forthepeople.com

---

[1] Notably, Century Fire does not argue that the subpoenaed documents are irrelevant to the instant dispute.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| KIMORA WASHINGTON, as administrator of the estate of KEVIN FORD, <br><br> Plaintiff, <br><br> v. <br><br> GWR MANAGEMENT, LLC and GWR FLAT ROCK PARTNERS, LLC <br><br> Defendants. | CIVIL ACTION FILE NO. <br> 4:24-cv-00081-CDL <br><br> JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served the foregoing **PLAINTIFF'S RESPONSE IN OPPOSITION TO THE MOTION TO QUASH OF NON-PARTIES CENTURY FIRE PROTECTION, LLC, SEA, LTD. AND CUNNINGHAM INVESTIGATIVE ASSOCIATES** on counsel of record for the Defendants and the Non-Parties via the Court's CM/ECF system and statutory electronic service to fred.ferrand@swiftcurrie.com, robert.kozloski@swiftcurrie.com, and havlikg@deflaw.com.

This 27th day of February, 2025.

                                                                                       **MORGAN & MORGAN**

                                                                                       */s/ Max Compton*
                                                                                       William Maxwell Compton
                                                                                       Georgia Bar No. 380092
                                                                                       Counsel for *Plaintiff*

501 Riverside Dr.
Suite 1200
Jacksonville, FL 32202
(912) 443-1017 - Direct
MCompton@forthepeople.com