```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION
```

KIMORA WASHINGTON, *as administrator of the Estate of Kevin Ford*,  *

    Plaintiff,  *

vs.  *  CASE NO. 4:24-CV-81 (CDL)

GWR MANAGEMENT, LLC and GWR FLAT ROCK PARTNERS, LLC,  *

    Defendants.  *

<u>O R D E R</u>

Presently pending before the Court are two motions related to discovery disputes. First, Defendants seek a protective order to prevent Plaintiffs from conducting destructive testing on a cooking range and oven mitt from Apartment A-23 using a testing protocol unilaterally determined by Plaintiff. As discussed below, that motion (ECF No. 29) is granted in part and denied in part. Second, non-parties Century Fire Protection, LLC, Sea Ltd, and Cunningham Investigative Associates filed a motion to quash a subpoena directed to them. That motion (ECF No. 27) is denied to the extent set forth below.

DISCUSSION

**I. Defendants' Motion for Protective Order (ECF No. 29)**

This is an apartment fire case. Plaintiffs assert that an apartment fire originated in Apartment A-23 and spread to the

apartment of Plaintiff's decedent.  The parties have inspected the cooking range and an oven mitt found in the kitchen of Apartment A-23, and they tested a saucepan that was on the range.  Plaintiff now seeks additional destructive testing of the range and the oven mitt, which Defendants oppose.

The Court is satisfied that the need for some destructive testing of the composition of the cooking range and the oven mitt outweighs any prejudice the testing would cause to Defendants.  Accordingly, the Court denies the motion for a protective order to the extent it seeks to preclude all further destructive testing of the range and oven mitt.  The Court, however, declines to permit the testing based on a timeline, process, and protocol unilaterally proposed by Plaintiff.  Counsel must confer (in person, if necessary) to agree to a testing protocol, including a test site and a timeline/protocol for transferring the cooking range and the oven mitt to the test site.  In addition, prior to the destructive testing, Defendants shall be permitted to take photographs and/or video of the cooking range and oven mitt to preserve the evidence for trial.

**II. Non-Parties' Motion to Quash (ECF No. 27)**

Non-parties Century Fire Protection, LLC, Sea Ltd, and Cunningham Investigative Associates filed a motion to quash a subpoena directed to them.  They contend that the subpoena seeks privileged documents.  But the subpoena requests non-privileged

documents, and some of the materials requested (such as pre-fire records) are likely not privileged. Any such non-privileged documents should be produced within twenty-one days of the date of this order. Of course, materials prepared in anticipation of litigation are work product and not discoverable, but a privilege log must be produced regarding any documents for which a privilege claim is asserted. The privilege log is due within twenty-one days of the date of this order. If, after Plaintiff's counsel receives the privilege log and confers in good faith with the non-parties' counsel about whether the documents are entitled to protection, Plaintiff may file a motion to compel, seeking an in camera review of any disputed documents.

## CONCLUSION

For the reasons set forth above, Defendants' motion for a protective order (ECF No. 29) is granted in part and denied in part, and the Court denies to the extent set forth above the motion to quash filed by non-parties Century Fire Protection, LLC, Sea Ltd, and Cunningham Investigative Associates (ECF No. 27).

IT IS SO ORDERED, this 3rd day of March, 2025.

                            S/Clay D. Land
                            CLAY D. LAND
                            U.S. DISTRICT COURT JUDGE
                            MIDDLE DISTRICT OF GEORGIA