# MORGAN & MORGAN

Max Compton, Esq.
Direct Dial (912) 443-1017
MCompton@forthepeople.com

January 22, 2025

**VIA PERSONAL SERVICE**
ProNet Group, Inc.
3000 Northwoods Pkwy.
Suite 220
Peachtree Corners, GA 30071

      **RE:**    **Estate of Kevin Ford v. GWR Management, LLC, et al.**
                U.S. District Court for the Middle District of Georgia
                Civil Action No.: 4:24-cv-00081-CDL

To Whom It May Concern:

      Enclosed please find a Subpoena for Production of Documents and accompanying documentation being served on you in the above-referenced matter pending in the United States District Court for the Middle District of Georgia.

      As you can see, the subpoena calls for the production of the requested documents on or before **February 10, 2025**. The subpoena calls for physical production of the documents at Morgan & Morgan's offices at 191 Peachtree St., Suite 4200, Atlanta, GA 30303; however, they may also be produced electronically to me at MCompton@forthepeople.com or mailed to my attention at 501 Riverside Avenue, Suite 1200 Jacksonville, FL 32202 and the subpoena will be lifted. Please note that these records **must be certified**. I have included a certificate of authenticity for your use, or you may use your own.

      Thank you for your prompt attention to this matter. Please feel free to contact me at your convenience with any questions or concerns.

                              Kind Regards,

                              */s/ Max Compton*

                              William Maxwell Compton

Enclosures
cc:     Fred Ferrand, Esq. (via email only)

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Georgia ☑

| KIMORA WASHINGTON, as administrator of the estate of KEVIN FORD, | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 4:24-cv-00081-CDL |
| GWR MANAGEMENT, LLC and GWR FLAT ROCK PARTNERS, LLC | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  ProNet Group, Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
All documents identified in EXHIBIT A attached hereto.

| Place: Morgan & Morgan<br>191 Peachtree St., Suite 4200<br>Atlanta, GA 30303 | Date and Time:<br>02/10/2025 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/21/2025

*CLERK OF COURT*

OR

_____    /s/ Max Compton
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Kimora Washington
_____, who issues or requests this subpoena, are:
William M. Compton, 501 Riverside Ave, Ste 1200 Jacksonville, FL 32202, mcompton@forthepeople.com, 912-443-1017

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or
     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| KIMORA WASHINGTON, as administrator of the estate of KEVIN FORD,<br><br>    Plaintiff,<br><br>v.<br><br>GWR MANAGEMENT, LLC and GWR FLAT ROCK PARTNERS, LLC<br><br>    Defendants. | CIVIL ACTION FILE NO. 4:24-cv-00081-CDL<br><br>JURY TRIAL DEMANDED |

## EXHIBIT A

**REQUESTED DOCUMENTS:**

1. **CERTIFIED COPIES** of all non-privileged documents in the possession, custody, or control of ProNet Group, Inc. which relate in any way to the October 12, 2022 fire (hereinafter, the "Fire") at 6254 Warm Springs Rd., Columbus, GA 31909 (hereinafter, the "Property"). This includes, but is not limited to:

    a. **Incident reports;**
    b. **Photographs and video footage;**
    c. **Field notes, sketches, diagrams, memos, and other similar documents prepared during or as a result of any inspection of the Property or which in any way relate to the Fire;**
    d. **Inventories and evidences logs;**
    e. **Sign-in sheets;**
    f. **Non-privileged correspondence;**
    g. **Non-privileged reports regarding the origin or cause of Fire;**
    h. **Any and all documents related to the automatic sprinkler system, fire alarm system, smoke alarms, fire suppression devices, or other fire safety installations at the Property;**
    i. **A copy of all witness statements, whether maintained in written or audio form, which relate in any way to the Fire.**

    This is a request for your entire file related to the Fire, except those items that may be privileged. Please do not omit any non-privileged materials from production.