IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| KIMORA WASHINGTON, as administrator of the Estate of KEVIN FORD, | ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION FILE 4:24-CV-00081-CDL |
| Plaintiff, | | |
| v. | | |
| | | JURY TRIAL DEMANDED |
| GWR MANAGEMENT, LLC AND GWR FLAT ROCK PARTNERS, LLC, | | |
| Defendants. | | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO KEVIN FORD'S LEGAL STATUS**

COMES NOW, Kimora Washington, as Administrator of the Estate of Kevin Ford ("Plaintiff"), by and through the undersigned counsel of record, pursuant to Local Rule 56, and hereby files this Response to Defendant's Statement of Material Facts in Support of Their Motion for Partial Summary Judgment as to Kevin Ford's Legal Status [Doc. 51-2], showing this Honorable Court as follows:

1.      On or about October 12, 2022, an apartment fire occurred in Building A of the Property. (Amended Complaint [DE 20], ¶ 10).

**RESPONSE: Plaintiff does not dispute the statement asserted in Paragraph 1.**

2.      Plaintiff asserts that Mr. Ford was "an invitee at the Property residing or otherwise present in Unit A24 of Building A." (Amended Complaint [DE 20], ¶ 9).

**RESPONSE: Plaintiff does not dispute the statement asserted in Paragraph 2.**

3.     On or about May 10, 2019, Anthony Thorpe entered into a lease agreement with Defendants. (Defendants' Notice of Filing Discovery Materials, Deposition of GWR Management, LLC ("GWR Management Dep."), 101:16-17, Exhibit A attached thereto; *see also* Defendants' Notice of Filing Discovery Materials, Anthony Thorpe's 2019 Lease Agreement, Exhibit B attached thereto).

**RESPONSE: Plaintiff does not dispute the statement asserted in Paragraph 3.**

4.     Mr. Thorpe renewed his lease in 2022, which took effect on April 27, 2022. (GWR Management Dep., 29:19-30:8; *see also* Defendants' Notice of Filing Discovery Materials, Anthony Thorpe's 2022 Lease Agreement, Exhibit A attached thereto).

**RESPONSE: Plaintiff does not dispute the statement asserted in Paragraph 4.**

5.     Paragraph 2 of Mr. Thorpe's executed April 27, 2022 lease reads as follows:

2. OCCUPANTS. The apartment will be occupied only by you and (list all other occupants not signing the Lease Contract):

[Section left blank by tenant]

No one else may occupy the apartment. Persons not listed above must not stay in the apartment for more than seven consecutive days without prior written consent and no more than twice that many days in any one month. If the previous space isn't filled in, two days per month is the limit. (*See* Anthony Thorpe's 2022 Lease, p.1).

**RESPONSE: Plaintiffs do not dispute the statement asserted in Paragraph 5.**

6.     Mr. Thorpe never originally listed Mr. Ford as an occupant in Paragraph 2 of his lease at or before renewal on April 27, 2022, never subsequently amended Paragraph 2 of his lease at any time to include Mr. Ford, and never obtained prior written consent from GWR Management, LLC that allowed Mr. Ford to stay in his apartment, despite his staying there for approximately

150 consecutive days. (Defendants' Notice of Filing Discovery Materials, Deposition of Anthony Thorpe ("Thorpe Dep."), 143:11-16; 49:14-18; 50:4-8, Exhibit C attached thereto; *see also* GWR Management Dep., 49:17-21; 142:15-143:16).

**RESPONSE: Plaintiff does not dispute the statement asserted in Paragraph 6.**

7.      This provision is specifically included in Defendants' Lease agreements and is strictly enforced by Defendant GWR Management, LLC for safety and security purposes, through its running of background checks on occupants having stayed on the apartment premises for more than seven consecutive days. (GWR Management Dep., 147:16-19; 142:15-22; 144:23-147:19).

**RESPONSE: Plaintiff disputes the statement asserted in Paragraph 7 that Defendant GWR Management, LLC strictly enforced the provision of the Lease quoted in Paragraph 5. GWR Management, LLC's corporate representative testified that enforcement of this lease provision was left up to the residents at the property and that GWR Management, LLC did not actively seek to determine if there were occupants in the apartments that were not on the lease. ([Doc. 52-1] April 25, 2025 Deposition of GWR Management, LLC ("Erwin April 2025 Depo.") 144:20-25, 145, 146:1-2).**

8.      Mr. Thorpe never added Mr. Ford to the lease because he moved into apartment A24 at the Property prior to Mr. Ford contemplating staying with him, and Mr. Thorpe deliberately never sought GWR Management's mandatory written consent to have Mr. Ford occupy his apartment, because he was aware that Mr. Ford had a prior eviction on his record. (Thorpe Dep., 49:14-18).

**RESPONSE: Plaintiff does not dispute the statement asserted in Paragraph 8.**

9.      Defendants never became aware that Mr. Ford was on the Property prior to or during the October 12, 2022 fire because he was never listed on Mr. Thorpe's lease, and, because Mr.

Thorpe never reported Mr. Ford's presence in his apartment to GWR Management. (GWR Management Dep., 28:12-15).

**RESPONSE: Plaintiff disputes the statement asserted in Paragraph 9 that Defendants never became aware that Mr. Ford was on the Property prior to the October 12, 2022 fire. Thorpe testified that he told the maintenance supervisor for the Property, JB, that he was going to have Ford move into the apartment. (Thorpe Depo. 163:8-22). Thorpe testified that JB had actual knowledge of Ford living in the apartment. (Id. 144:12-25, 145, 146:1-11, 163:8-11).**

10.  GWR Management, LLC enforced its policy set forth in Paragraph 2 of the lease agreement and would have enforced it as it pertains to Mr. Thorpe and Mr. Ford had Defendants known of Mr. Ford's existence. (GWR Management Dep., 144:23-147:19).

**RESPONSE: Plaintiff disputes the statement asserted in Paragraph 10 that Defendant GWR Management, LLC strictly enforced the provision of the Lease quoted in Paragraph 5. GWR Management, LLC's corporate representative testified that enforcement of this lease provision was left up to the residents at the property and that GWR Management, LLC did not actively seek to determine if there were occupants in the apartments that were not on the lease. (Erwin April 2025 Depo. 144:20-25, 145, 146:1-2).**

Respectfully submitted this 18th day of August, 2025.

                                                  **MORGAN & MORGAN**

                                                  */s/ Max Compton*
                                                  _____
                                                  William Maxwell Compton
                                                  Georgia Bar No. 380092
                                                  Counsel for *Plaintiff*

501 Riverside Dr.
Suite 1200

- 5 -

Jacksonville, FL 32202
(912) 443-1017 - Direct
(912) 443-1184 – Facsimile
MCompton@forthepeople.com

- 5 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF MATERIALS FACTS IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO KEVIN FORD'S LEGAL STATUS** on counsel of record for the Defendants via statutory electronic service to fred.ferrand@swiftcurrie.com and robert.kozloski@swiftcurrie.com.

This 18th day of August, 2025.

**MORGAN & MORGAN**

*/s/ Max Compton*
_____
William Maxwell Compton
Georgia Bar No.: 380092
Attorney for Plaintiff

501 Riverside Dr.
Suite 1200
Jacksonville, FL 32202
TEL: (912) 443-1017
FAX: (912) 443-1184
MCompton@forthepeople.com